##### IN THE

## SUPERIOR COURT OF JUDICATURE

###### FOR THE

## COUNTY OF MERRIMACK, DECEMBER TERM,

#### A. D., 1838.

---

## CAVIS *vs.* ROBERTSON.

If a collector of taxes has not taken the oath of office, he has not sufficient authority to act, notwithstanding he may have been duly elected ; and he is not in such case protected by the statute of June 16, 1836, which provides that where collectors have taken the oath of office, and given bond, they shall not be liable, except for their own wrong or illegal conduct.

There are cases in which it may be submitted to a jury, to presume, from a defective record of the election of a town officer, and from his having acted under the appointment, that the meeting was duly held, the proceedings of the town regular, and the officer duly sworn ; but this cannot be done where the proceedings are recent, and no cause is shown why the defective record cannot be amended, if the truth will warrant it.

Where an inhabitant of a town is liable to taxation, and is duly assessed his proportion of the public taxes, which are collected by a collector *de facto*, he is not entitled to recover back the amount of the taxes, or the value of the property which may have been taken to pay them, merely because the collector did not take the oath of office. He is entitled to damages commensurate with the injury he has sustained; and if he has in fact sustained no injury, except in the collection of what was due from him by one who was an officer *de facto*, but not *de jure*, he can recover nominal damages only.

But unless the tax has been legally granted, a collector *de facto* must, in such case, be answerable for the value of the property taken.

If a collector seizes and attempts to sell property at auction, in satisfaction of a tax, and the sale fails because the bidder refuses to receive a delivery and complete the purchase, the collector may again seize and sell the property.

TRESPASS, for taking and carrying away two oxen of plaintiff, August 24th, 1837, and for taking and carrying away two other oxen of plaintiff, August 28th, 1837.

Upon the general issue, and a brief statement, it appeared, on trial, that the defendant acted as collector of Bow in 1836

and 1837, and that he had a warrant, signed by certain persons who acted as selectmen for those years, directed to him as collector, with lists of taxes to be collected, on which the plaintiff's name was set against a tax, in 1836, of $25.32, and in 1837, of $43.37.

The records of the annual meetings at Bow, in 1836 and 1837, were produced, in which there is an entry as follows: " Chose Robert W. Robertson collector, and voted that he receive $12 as a compensation." It appeared that the defendant had given bond as collector.

There was evidence that the plaintiff said, in February, 1837, that he had given the defendant to understand he should not pay the tax of 1836 till he was obliged to, for he was taxed too high ; and evidence that the defendant exhibited to the plaintiff, in June, 1837, books and papers which were supposed to be the tax lists and warrants, on which the defendant had just before shewn to the witness his taxes, but, owing to the distance, the witness heard no conversation of the parties.

It appeared that the defendant, as collector, took the oxen August 24th, 1837, and drove them away and advertised them for sale on the 28th of August—that he at that time exposed them for sale, and they were struck off at $125—that a disagreement arising between the bidder and the collector, as to the conditions of the sale, the oxen were not paid for, and nothing further was done upon that seizure.

It also appeared that about a week afterwards the oxen were again seized by the collector, and advertised, and sold for $78, and that the balance, after deducting the taxes for the years 1836 and 1837, with costs, was paid to the plaintiff.

It did not appear that the defendant took the oath of office, as collector, in either year.

It was objected, on behalf of the plaintiff, that it did not appear that the defendant was duly elected collector, because it did not appear that the meeting was holden at the time or

place designated in the warrant, the warrant naming a particular place in Bow, and a certain hour of the day, and the record merely showing that the meeting was holden at Bow on the day mentioned ; and because it did not appear that the moderator of the meeting was sworn.

It was further objected, that it did not appear that the supposed selectmen were elected by ballot, nor by a major vote ; and that no vote of the town, or act of the county convention was shown, authorizing the assessment of any tax.

It was further objected, that the defendant, having once made a seizure of sufficient property, his power as collector was at an end, and he had no right to make a second seizure.

A verdict was taken for the plaintiff, subject to the opinion of the court—to be set aside, and a verdict entered for the defendant, or judgment rendered thereon, as the court should order.

*S. D. Bell,* for the plaintiff.

*Peaslee,* and *Bartlett,* for the defendant.

PARKER, C. J.　The statute of June 16, 1836, enacts, " that no suit shall be maintained against any collector of ' taxes, elected by any town in this state, or appointed by ' the selectmen of any such town to that office, who shall ' have taken the oath of office prescribed by law, and given ' bond according to law ; on the ground, or by reason of any ' irregularity or illegality of the proceedings of the town, or ' of the selectmen, in his election or appointment, nor for ' any cause whatsoever, except such collector's own wrong ' or illegal conduct."

If the defendant, in this case, had shown that he was duly elected at a regular meeting, and that he had taken the oath and given bond according to law, he would not have been answerable on account of irregularity in the assessment of the tax, or in the proceedings of the town.

But the evidence in this case does not bring the defendant within the provisions of this statute. It is not found that he took the oath of office ; and that is, by the terms of the statute itself, an essential requisite.

There was here no evidence which could be submitted to a jury, to authorize them to find that the defendant had been sworn.

In *Bishop* vs. *Cone*, 3 *N. H. R.* 515, it was held that the record of an appointment of selectmen at a town meeting, and proof that they have acted under the appointment, may be left to a jury as evidence that the town meeting was legally holden, and that the selectmen were sworn.

We have no doubt that cases may exist in which such evidence is admissible, forming an exception to the general rule. It is well known that the earlier records of towns were very imperfect ; and even at the present day there is not that care which is desirable, in making up such records. It is settled that such records may be amended. *Gibson* vs. *Bailey, ante* 168. And where, from lapse of time, it may be presumed that the officers who made the records are no longer living, or have lost a recollection of the facts, so that no amendment can be made ; or where it is proved in point of fact that such officers have deceased, so that the records cannot be corrected, we have no doubt sound principles, as well as the necessity of the case, require that such evidence should be submitted to the jury, with instructions that they are authorized, under such circumstances, to presume that the officer was duly elected and qualified. Such was the case in *Northwood* vs. *Barrington, Rockingham, Dec. T.* 1838, (*ante* 369) where the records were more than forty years old. We know in point of fact that the elections were duly and legally made, much oftener than the records were formally made up.

But in Bishop *vs.* Cone, the meeting was held in 1822, and the trial was had in 1825 ; and nothing was shown to warrant the inference that the records might not have been

amended, if the facts would have warranted it. It was held in that case that the record of a vote for raising money might be amended by the clerk; and he might as well have amended the record respecting the election of the officers, if the facts would have warranted it. We are all of opinion, therefore, that the principle of that case cannot be applied to such a state of facts as there existed. Numerous instances in which it has been holden that the officer, where he is a party, and his acts are called in question, must prove himself to have been an officer *de jure,* by the production of a record of his election, and that he had taken the oath, show that the cases in which it can be submitted to a jury to presume an election, must rest on some special circumstances, as lapse of time, or the death of the clerk who made the record.

There being no evidence that the defendant took the oath of office as collector, he had no legal authority to seize the plaintiff's goods for taxes, and the action must be sustained. 2 *N. H. R.* 207, *Johnston* vs. *Wilson;* 6 *do.* 182, *Proprietors of Cardigan* vs. *Page.*

But a further question arises—what damages is the plaintiff entitled to recover? His property has been taken from him by one who had not, legally, authority to take it—his action is well founded—but it by no means follows that he is now entitled to recover the full value of the oxen, or the whole amount of the tax for which they were sold. The damages he recovers are to be commensurate with the injury he has suffered. If the tax for which they were taken was legally assessed, and the defendant has proceeded according to the provisions of the law, in all respects, except in not taking the oath, what damage has the plaintiff sustained by that? The provision that he should take an oath, was intended to ensure legal proceedings by him, and to add the sanction of conscience to the other obligations to perform his duty. But if it appears affirmatively that the duty has been performed, in the manner in which an officer duly qual-

ified might have performed it; although, by the neglect to take the oath, the defendant must be regarded as acting without sufficient legal authority, and as liable to the plaintiff's action; the plaintiff is certainly not injured to the extent he would have been, had the defendant stepped aside from the prescribed duty, and been guilty of fraud or oppression.

Again—The defendant appears to have been chosen by the town as collector—he gave bond as such, and the selectmen committed the taxes to him for collection. The town cannot say that he was not collector, and his doings void. Coming into office by color of an election, he was unquestionably collector *de facto*, and his proceedings, so far as third persons were interested in them, were valid. 7 *N. H. R.* 113, *Tucker* vs. *Aiken.* Payment of taxes to him would be a valid discharge of them, binding the town, so that they could not be collected again. If the plaintiff's taxes were legally assessed, he was bound to pay the amount; and by the sale of his property, by the defendant, that amount has been discharged. To that extent his property has been applied to his own use; and if that has been done without legal authority, although it can be no justification of the act, it certainly furnishes a good reason why the plaintiff should not recover the same amount in damages he would have been entitled to, if the defendant had converted the property to his own use, instead of converting it to the use of the plaintiff. 1 *N. H. R.* 93, *Blake* vs. *Johnson;* 6 *Mass. R.* 23, *Prescott* vs. *Wright.*

In this case the plaintiff's taxes have been discharged by the sale of property by this defendant, acting as collector, under color of an election; and the plaintiff would have the right to avail himself of that fact, should he be again called on for the taxes, unless this suit deprives him of such right. But this suit will not deprive him of that right unless he recovers back the tax. If he merely recovers the damages he has sustained by reason of any defect in the proceedings of

the defendant, the bringing of the suit will not authorize any further proceedings against him for the tax. The amount which the plaintiff was liable to pay will have been well discharged, and the defendant will be accountable for it on his bond to the town. The plaintiff's property will thus have been applied to pay his own liabilities, by the act of one who came into office under color of an election, and was an acting officer. Under such circumstances why should he recover back the full amount, even if the defendant had not a strictly legal right to act. If he do so, one of two things must result : The plaintiff will either escape from sustaining his share in the public burthens, or else he must be liable again to be proceeded against for the recovery of the tax. There are difficulties existing, which are sufficiently apparent, in again proceeding to collect a tax, after it has once been collected by distress, by an officer *de facto*, and paid over to the town ; and there is surely good reason why one or more of the citizens, who may see fit to sue, should not be released from sustaining their share of the public taxes, merely because the collector has not been sworn, if they are not in fact essentially prejudiced thereby. There would be little propriety in a rule which should operate so as to make the defendant pay the plaintiff's tax, because he had not taken the oath ; and we are all of opinion that the plaintiff is entitled only to nominal damages, if the taxes were legally assessed, unless he shows that he has in fact sustained actual damage by reason of some illegality.

The evidence in the case is sufficient for a jury to find that the plaintiff was notified, and had an opportunity to pay his tax; and the defendant is not answerable on that ground.

Nor is the defendant liable, because, having seized the property, and attempted to sell it at auction, and such sale having failed by reason of the purchaser refusing to receive a delivery, and to complete the purchase, he afterwards seized and sold it again. 7 *N. H. R.* 309, *Souhegan Factory* vs. *McConihe.*

But not having taken the oath, and thereby having failed to secure the protection of the statute of 1836, although he is not bound to show that the selectmen were such *de jure*, (7 *N. H. R.* 113) he is bound to show a tax legally granted. 7 *N. H. R.* 209, *Cloutman* vs. *Pike.* And the case does not find this. There are divers defects in the evidence. No evidence was offered of any vote of the town, or act of the county convention, authorizing the assessment of a tax. If none exists, the plaintiff was not liable to the payment of any such taxes, and of course he should recover the value of the property of which he has been deprived; but this is probably an omission—and perhaps some of the defects in the records may be cured by amendment. If such evidence does in fact exist, unless the plaintiff will take judgment for nominal damages, the verdict may be set aside, and the case transferred for a new trial.

*Judgment for the plaintiff, for nominal damages.*